**Charles ARRIZON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 2781–SD, Ancillary to Cr. No. 29454.**

United States District Court
S. D. California, S. D.

March 8, 1963.

2d 762 (1962), where the Supreme Court held *per curiam* that a *private corporation* refusing service to a negro

---

Harry D. Steward, San Diego, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., Los Angeles, Cal., Elmer Enstrom, Asst. U. S. Atty., San Diego, Cal., for defendant.

WEINBERGER, District Judge.

On July 20, 1960, Charles Arrizon (indicted as "Arrizan") was charged (Count 1) with having smuggled into the United States marihuana which should have been invoiced and (Count 2) with having imported heroin contrary to law. He pleaded guilty to the marihuana count and was sentenced to a term of imprisonment of five and one-half years.

Petitioner now contends that under Section 2255 of Title 28 U.S.C.A. his sentence should be vacated in that Section 176a of Title 21 is unconstitutional as compelling him to admit federal offenses by invoicing the marihuana which

on premises leased from a city was subject to 42 U.S.C.A. § 1983.

formed the subject matter of Count 1 of the indictment. He relies upon the case of Russell v. United States, 306 F.2d 402, in which the Court of Appeals of the 9th Circuit held that the registration requirement of Section 5841, 26 U.S.C.A. was unconstitutional as compelling a person to be a witness against himself and admit a violation of another Federal statute for which there was a penalty.

Counsel for petitioner urges that to invoice the marihuana at the time he entered the United States would cause him to admit possession, which might subject him to prosecution under 26 U.S.C.A. § 4744. This section provides that it shall be unlawful for any person who is a transferee required to pay the transfer tax to acquire or otherwise obtain any marihuana without having paid the tax or to transport or conceal such marihuana.

Petitioner pleaded guilty to having imported the marihuana from Mexico, and testified to that effect when called as a witness at the trial of his codefendant.

We are unable to agree with counsel that the making of an invoice of the marihuana would have subjected the petitioner to prosecution under 26 U.S.C.A. § 4744. The statute has reference to marihuana *possessed within the United States*. Until petitioner passed the Port of Entry, or disregarded his first opportunity to present the marihuana to the Customs at such Port of Entry, he had not *entered* the United States. Had he invoiced the marihuana at his first opportunity, he would have been relieved of it by the Customs agents, and thus would not have smuggled it, and would not have been *in possession of it within the United States.*

We do not find the Russell case determinative of the issues before us. The United States has a right to prohibit entirely the importation of marihuana into the United States, and has a right to attach conditions to its importation. The petitioner herein had a choice to obey the regulations, or refrain from bringing the marihuana into the United States.

The right of the United States to require the observance of certain conditions in the enforcement of its Customs laws is discussed by District Judge James M. Carter of this Division and District in United States v. Eramdjian, D.C.Cal., 155 F.Supp. 914, a decision in which this department of the Court concurred. The portion of Judge Carter's opinion quoted by the Court of Appeals of the 9th Circuit in Reyes v. United States, 258 F.2d 774 (sustaining the Eramdjian decision) is a complete answer to petitioner's contentions in the instant case.