David Harlow PICKETT, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 2919–SD–W
(Ancillary to 30747–Cr.).

United States District Court
S. D. California, S. D.

July 18, 1963.

WEINBERGER, District Judge.

Petitioner was found guilty, after a jury trial, of violations of Title 21, Section 176a: Count 1, smuggling marihuana, and Count 2, receiving, concealing and transporting marihuana which had been illegally imported. He was sentenced to five years imprisonment on each count, to run concurrently.

Petitioner has filed an application for writ of habeas corpus, alleging that his detention is illegal for the following reasons:

1. That he was entrapped into committing the crimes for which he was sentenced.

2. That 176a of Title 21 U.S.C.A., under which petitioner was charged by indictment, is unconstitutional.

■ Petitioner has previously presented the first ground to this sentencing Court by a petition for relief under Title 28 U.S.C.A. § 2255, and we ruled upon his petition by order dated February 20, 1963, to the effect that his contention he was entrapped is not cause for relief under the provisions of Title 28 U.S.C.A. § 2255. Neither is it a ground for issuance of the writ of habeas corpus.

Petitioner has not heretofore asked for relief on the second ground. We shall therefore treat his petition for habeas corpus as a petition under Title 28 U.S. C.A. § 2255; petitioner is a layman, not represented by counsel, and we do not expect of laymen exactitude in legal terminology.

We have already ruled on a similar contention with reference to another petitioner, in another matter, wherein the question was fully briefed and argued by competent counsel, Charles Arrizon vs. USA, No. 2781–SD–W Civil. In such case we filed a written opinion March 8, 1963. We do not deem it necessary to hold a hearing on the instant petition.

Petitioner contends that his sentence should be vacated in that Section 176a of Title 21 is unconstitutional as compelling him to admit federal offenses by invoicing the marihuana which formed the subject matter of the indictment. He relies upon the case of Russell v. United States, 306 F.2d 402, in which the Court of Appeals of the 9th Circuit held that the registration requirement of Section 5841, 26 U.S.C.A. was unconstitutional as compelling a person to be a witness against himself and admit a violation of another federal statute for which there was a penalty.

■■ Petitioner urges that to invoice the marihuana at the time he entered the United States would cause him to admit possession, which might subject him to prosecution under 26 U.S.C.A. § 4744. This section provides that it shall be unlawful for any person who is a transferee required to pay the transfer tax to acquire or otherwise obtain any marihuana without having paid the tax or to transport or conceal such marihuana.

■ We are unable to agree with petitioner that the making of an invoice of the marihuana would have subjected him to prosecution under 26 U.S.C.A. § 4744. The statute has reference to marihuana *possessed or obtained, etc. within the United States*. When petitioner came from Mexico, and until petitioner passed the Port of Entry, or disregarded his first opportunity to present the marihuana to the Customs at such Port of Entry, he had not *entered* the United States. Had he invoiced the marihuana at his first opportunity, he would have been relieved of it by the Customs agents, and thus would not have smuggled it, and would not have been *in possession of it within the United States*.

We do not find the Russell case determinative of the issues before us. The United States has a right to prohibit entirely the importation of marihuana into the United States, and has a right to attach conditions to its importation. The petitioner herein had a choice to obey the regulations, or refrain from bringing the marihuana into the United States. The right of the United States to require the observance of certain conditions in the enforcement of its Customs laws is discussed by District Judge James M. Carter of this Division and District in United States v. Eramdjian, D.C., 155 F.Supp. 914, a decision in which this department of the Court concurred. The portion of Judge Carter's opinion quoted by the Court of Appeals of the 9th Circuit in Reyes v. United States, 258 F.2d 774 (sustaining the Eramdjian decision) is a complete answer to petitioner's contentions in the instant case. See also United States v. Kahriger, 345 U.S. 22, 32, 33, 73 S.Ct. 510, 97 L.Ed. 754.