Vincente Garcia RULE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20858.

United States Court of Appeals Fifth Circuit.

Feb. 28, 1964.

James A. Gough, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S.

Atty., William A. Jackson, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, BREITENSTEIN,* and BELL, Circuit Judges.

## PER CURIAM.

 This is an appeal from a denial, without a hearing, of a motion under Sec. 2255 to vacate the sentence and judgment of the district judge. The district judge, in support of his order denying the motion, filed an opinion [1] giving his reasons therefor.

We agree with these reasons and affirm the judgment.

Affirmed.

* Of the Tenth Circuit, sitting by designation.

1. The opinion is as follows:

"Vincente Garcia Rule has filed a petition in the above entitled and numbered cause under Sec. 2255, Title 28 U.S.C., attacking his sentence as being in violation of his rights under Art. XIV of the Constitution of the United States. He will be allowed to proceed in forma pauperis in this court only.

"On May 15, 1962, Petitioner was arraigned on a 2-count indictment charging him with smuggling marihuana in violation of Sec. 176(a), Title 21, U.S.C., and with failure to pay the transfer tax thereon in violation of Sec. 4744–(a) (2) Title 26 U.S.C. Information of a previous conviction of violating narcotics laws was filed by the United States Attorney.

"On his plea of guilty to both counts, the Court imposed a sentence of fifteen (15) years on Count One and five (5) years on Count Two, to run concurrently.

"In his petition filed under Sec. 2255, the petitioner alleges that because of the fact that he has been sentenced for violation of the narcotics laws, he is not eligible for parole but will still be able to accumulate good time, and upon his mandatory release from prison he will still be required to live under the same conditions as a parolee for the balance of his total sentence.

"This court finds that petitioner's motion is without merit. His only grounds stated for relief are the unconstitutionality of the laws under which he was sentenced.

"It is well settled that the denial of parole to violators of the narcotics statutes, as well as the mandatory sentences imposed therein, is not unconstitutional. Gallego v. U. S., (C.A.Ariz.1960), 276 F(2) 914; Halprin v. U. S. (C.A.Cal. 1961), 295 F(2) 458.

"Oliver v. U. S. (C.A.Mo.1961), 290 F (2) 255, at page 257 (certiorari denied, 82 S.Ct. 83, 368 U.S. 850, 7 L.Ed.(2) 48, stated as follows:

" 'As to his contention in respect to probation, probation has never been held to constitute a right or privilege of the citizenship of a criminal, but it has always been recognized as being purely an element of legislative and judicial grace. The Federal Courts cannot grant probation to criminals except as Congress has seen fit to authorize them to do so. Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L. Ed. 129.'

"Petitioner has also asked that a writ of habeas corpus ad testificandum be issued. The petitioner could not possibly add anything by testimony to what the law regarding this matter is, and therefore his prayer for such writ is denied, as well as his motion under Sec. 2255.

"The clerk will file his petition and a copy of this memorandum with the papers in the above cause, and deliver to the petitioner and to the United States Attorney at Brownsville, Texas, copies of this memorandum.

"Done at Brownsville, Texas, this 6th day of June, 1963.

"/s/ Reynaldo G. Garza
 United States District Judge."