Robert Lee **HAYNES**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21540.

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1964.

Certiorari Denied March 1, 1965.

See 85 S.Ct. 926.

Robert Lee Haynes, pro se.

Andrew L. Jefferson, Jr., Asst. U. S. Atty., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, RIVES and BROWN, Circuit Judges.

PER CURIAM.

This appeal is from a judgment denying the appellant's motion to correct his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and his motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, and from a judgment denying rehearing.

In October 1962, the appellant was convicted on a two-count indictment. The first count charged him with having knowingly and with intent to defraud the United States received, concealed and facilitated the transportation and concealment of approximately 42 pounds of marihuana when he knew that the marihuana had been imported and brought into the United States contrary to law, a violation of 21 U.S.C. § 176a. The second count charged him with being the transferee of marihuana required to pay the transfer tax imposed by 26 U.S.C. § 4741(a), and with having transported and concealed and facilitated the transportation and concealment of ap-proximately 42 pounds of marihuana without having paid such tax, in violation of 26 U.S.C. § 4744(a).

On the judgment of conviction the district court sentenced the defendant to fifteen years imprisonment under the first count of the indictment and to ten years under the second, the sentences to run concurrently. The judgment of conviction was affirmed by this Court and certiorari denied by the Supreme Court. Haynes v. United States, 5 Cir.1963, 319 F.2d 620, cert. denied, 375 U.S. 885, 84 S.Ct. 161, 11 L.Ed.2d 115.

■ ■ The appellant contends that his fifteen-year sentence under the first count was excessive by five years in the light of 26 U.S.C. § 7237. By its terms, however, that section applies to offenses "for which no specific penalty is otherwise provided." The maximum penalty provided by 21 U.S.C. § 176a is twenty years for a first offender. The ten-year sentence under the second count was the maximum that could have been imposed under 26 U.S.C. § 4744(a). The sentences were to run concurrently. There is no merit in the appellant's motion to correct his sentence under Rule 35.

■ ■ Many of the appellant's contentions under his section 2255 motion present questions which might have been raised on direct appeal but which are not available on a section 2255 motion. As said in Killebrew v. United States, 5 Cir.1960, 275 F.2d 308, 309: "Only such basic errors as absence of jurisdiction and denial or infringement of constitutional rights can render the judgment subject to collateral attack." We briefly refer, however, to some of the appellant's contentions.

(1) The indictment was not fatally defective. Count One is almost in the language of the count held sufficient in United States v. Davis, 7 Cir.1959, 272 F.2d 149, 150.

■ (2) The contention that the appellant was required to incriminate himself by registration and payment of taxes and, hence, that the statutes under which he was convicted are unconstitutional

**32**

has been ruled against the appellant. Yee Hem v. United States, 1925, 268 U.S. 178, 183, 45 S.Ct. 470, 69 L.Ed. 904; Claypole v. United States, 9 Cir.1960, 280 F.2d 768, 771; Caudillo v. United States, 9 Cir.1958, 253 F.2d 513, 515.

(3) The appellant claims that he was not allowed to subpoena certain witnesses in his favor from Mexico. On his criminal trial the appellant was represented by an attorney of his own choice and he was so represented on his appeal to this Court. If the appellant was wrongfully refused subpoenas for witnesses, that point should have been raised on direct appeal and is not available on a section 2255 motion.

(4) The appellant insists that he was exempt from the requirements of registration and taxation because, at the time the otherwise illegal acts were committed, he was acting as a special employee of the Bureau of Narcotics. He accompanies his motion by an affidavit swearing that he was contacted by two members of the Treasury Department, that he was given the oath to uphold the laws and Constitution, was given a badge, a service code number, and was told never to reveal that he was an undercover Secret Service Agent. This defense was not raised in the defendant's criminal trial and no reason is assigned for the failure to present such a defense. It is not available for the first time on a collateral attack. We would, however, suggest that the Department of Justice, if it has not already done so, should make a thorough investigation of the detailed allegations contained in the appellant's affidavit with a view to considering whether there should be a recommendation of clemency if the allegations are found to be true or substantially true, and, if found to be untrue, whether there should be a prosecution for perjury. To that end the Clerk is directed to forward to the Attorney General a copy of the appellant's affidavit appearing on pages 11 and 12 of the original record, together with a copy of this opinion.

(5) There is no substance in the appellant's contention that the district court had no jurisdiction to proceed to judgment on a section 2255 motion since its files and records were then in the possession of the Clerk of the Court of Appeals for the Fifth Circuit in New Orleans. The district judge, now deceased, doubtless knew what was contained in those files and records and, in any event, when they were available to his successor who denied the section 2255 motion and are now available and fully examined on appeal, they disclose no grounds which would avail the appellant under his section 2255 motion.

We have carefully examined the record and have considered each of the appellant's contentions, whether discussed in this opinion or not. We find no error in the judgments of the district court from which this appeal is prosecuted. The judgments are therefore affirmed.