**Vincente Garcia RULE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22270.

United States Court of Appeals
Fifth Circuit.

June 17, 1966.

Rehearing Denied Aug. 2, 1966.

Paul Frederick Rothstein (Court-appointed), Joel Jay Finer (Court-appointed), Allen Smith (Court-appointed), Austin, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., Homero M. Lopez, William A. Jackson, Asst. U. S. Attys., Houston, Tex., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

COLEMAN, Circuit Judge:

Section 176a of Title 21 U.S.C. makes it a criminal offense to smuggle or clandestinely introduce marihuana into the United States without invoicing or declaring it at the border.[1] Concealing and transporting marihuana in the United States without having paid the transfer tax imposed by the Internal Revenue Code is likewise a crime, 26 U.S.C. § 4744(a) (2).[2]

---

[1.] 21 U.S.C. § 176a. Smuggling of marihuana; penalties, evidence, definition of marihuana.

Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduced into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

[2.] 26 U.S.C. § 4744. Unlawful possession.

(a) Persons in general—It shall be unlawful for any person who is a transferee

■ The narrow, but important, question presented in this appeal is whether the declaration or invoicing requirements of § 176a violate the Fifth Amendment privilege that one shall not be compelled to incriminate himself. We answer in the negative and we affirm the denial of § 2255 relief.

On May 15, 1962, appellant waived counsel and pleaded guilty to a two count indictment which charged violations respectively of 21 U.S.C. § 176a and 26 U.S.C. § 4744(a) (2). He was sentenced to serve fifteen years on the first count and five years on the second count, the sentences to run concurrently.[3]

On May 7, 1963, appellant filed a pro se motion for relief under 28 U.S.C. § 2255, asserting that he was entitled to vacation of sentence because of an alleged constitutional invalidity in the mandatory aspects of his sentence and a corresponding ineligibility for parole. This contention was rejected by both the trial court and by this Court, Rule v. United States, 5 Cir., 328 F.2d 375.

On October 12, 1964, a second § 2255 motion was filed, raising the question now presented. We quote the exact language of the petition: "Had the petitioner attempted to declare, or invoice the marihuana, this attempt would give proof of possession, which is sufficient to convict, and the petitioner would be forced, by law, to incriminate himself."

On October 15, 1964, the District Judge denied relief "for the reason that the requirement of the law that marihuana be declared and invoiced before importation into the United States does not require self incrimination in violation of the Fifth Amendment to the Constitution of the United States."

We find that this is not a case of first impression. In Pickett v. United States, U. S. District Court, S. D. California, 1963, 223 F.Supp. 695, the same question was squarely raised and it was held that a requirement to invoice marihuana at the border violated no Fifth Amendment rights. The Supreme Court denied certiorari, 379 U.S. 939, 85 S.Ct. 346, 13 L.Ed.2d 349 (December 7, 1964).

The District Court reasoned as follows:

"We do not find the Russell case determinative of the issues before us. The United States has a right to prohibit entirely the importation of marihuana into the United States, and has a right to attach conditions to its importation. The petitioner herein had a choice to obey the regulations, or refrain from bringing the marihuana into the United States. The right of the United States to require the observance of certain conditions in the enforcement of its Customs laws is discussed by District Judge James M. Carter of this Division and District in United States v. Eramdjian, D.C., 155 F.Supp. 914, a decision in which this department of the Court concurred. The portion of Judge Carter's opinion quoted by the Court of Appeals of the 9th Circuit in Reyes v. United States, 258 F.2d 774 (sustaining the Eramdjian decision) is a complete answer to petitioner's contentions in the instant case. See also United States v. Kahriger, 345 U.S. 22, 32, 33, 73 S. Ct. 510, 97 L.Ed. 754."

The Court further said:

"We are unable to agree with petitioner that the making of an invoice

---

required to pay the transfer tax imposed by section 4741(a)—

(1) to acquire or otherwise obtain any marihuana without having paid such tax, or

(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained. Proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this subsection and of liability for the tax imposed by section 4741(a). As amended July 18, 1956, c. 629, Title 1, § 101, 70 Stat. 567.

3. Count 1 charged a failure to invoice 7½ pounds of marihuana and the record reveals that appellant was a prior offender.

of the marihuana would have subjected him to prosecution under 26 U.S.C.A. § 4744. The statute has reference to marihuana possessed or obtained, etc. within the United States. When petitioner came from Mexico, and until petitioner passed the Port of Entry, or disregarded his first opportunity to present the marihuana to the Customs at such Port of Entry, he had not entered the United States. Had he invoiced the marihuana at his first opportunity, he would have been relieved of it by the Customs agents, and thus would not have smuggled it, and would not have been in possession of it within the United States."

■ We are of the opinion that, in general, the privilege against compulsory self-incrimination contemplates a crime already committed and that officers will not then be permitted to extract, by duress, evidence of that crime from the accused himself. We do not think it confers immunity in the actual commission of a crime as in the instance now before us.

The Constitution, Art. I, § 8, empowers Congress to make all laws which shall be necessary and proper to the laying and collection of duties and the regulation of commerce with foreign nations. Requiring that merchandise be declared at the border is essential to the control of the borders, and that control is indispensable to national existence. It would be strange indeed if one could Constitutionally be required to declare ordinary merchandise at the border and be punished for failure so to do, if, at the same time, surreptitious importation of contraband does not have to be declared and a failure to declare cannot be punished. The importation is not compelled and the Fifth Amendment privilege against compulsory self-incrimination does not apply.

This is not like being required to register a gun already unlawfully in possession. Lovelace v. United States, 5 Cir., 1966, 357 F.2d 306, nor is it like being forced to register an already accomplished membership in the Communist Party, Albertson v. Subversive Activities Control Board, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165.

The Court wishes to express its appreciation for the briefs and arguments, asserted with zeal and vigor, by Court appointed Counsel, Professor Joel J. Finer, and the extra-legal assistance afforded by the student assistants in the Indigent Defense Program at the University of Texas School of Law (See Appendix A, Par. 15, Rule 13 of our Rules).

The Judgment denying § 2255 relief is affirmed.