**UNITED STATES of America, Appellee,**

**v.**

**John Albert LIGUORI, Appellant.**

**No. 323, Docket 30920.**

United States Court of Appeals
Second Circuit.

Argued Jan. 26, 1967.

Decided Feb. 14, 1967.

Louis Weiser, Brooklyn, N. Y., for appellant.

Paul L. Perito, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for Southern District of New York City, John E. Sprizzo, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN,* District Judge.

PER CURIAM.

Appellant, John Albert Liguori, was convicted for violations of 21 U.S.C.A. §§ 173, 174, and 176a (Information counts 1 and 3) and of 26 U.S.C.A. §§ 4701, 4703, 4704(a), 4771(a) and 7237(a) (Information, count 2). The substance of the Government's case was that Liguori had mailed a quantity of cocaine and marijuana from the Chinatown Postal Station in New York City, to one Terri Moree (Florence Amelia Moree Deese Lazaros), a young lady in Pensacola, Florida.

■ Despite appellant's assertions to the contrary, we feel that the evidence, mostly circumstantial, and the inferences reasonably to be drawn therefrom are more than sufficient to support the trial judge's finding of guilt.

■ Appellant asserts that the narcotics introduced in evidence against him were obtained through the illegal search of the person and apartment of Miss Moree in Pensacola. However, at the time of the search, appellant was in New York, whereas Miss Moree and the apartment were in Florida. There is no allegation that appellant owned, rented, used, lived in or controlled the apartment. Under these circumstances, appellant has no standing to raise the issue of the legality of the search. United States v. Beigel, 2d Cir., 370 F.2d 751; United States v. Bozza, 365 F.2d 206, at 222–223 (2d Cir. 1966).

■ Appellant also claims that the standards used by the handwriting experts to show that Liguori had written a note which accompanied the narcotics sent to Miss Moree were improperly admitted in evidence because it was not established that Liguori had written the standards. However, the standards consisted of appellant's lease application, key application, automobile registration and chauffeur's application. The expert testified that they were all, including

* Of the Southern District of New York, sitting by designation.

the note, written by the same person. Only baseless speculation could assign these documents to any hand other than that of appellant.

Affirmed.