**UNITED STATES of America**

**v.**

**Steven REYES, Joseph Cordero and Joaquin Burgos, Defendants.**

**No. 67 Cr. 438.**

United States District Court
S. D. New York.

Feb. 6, 1968.

Robert M. Morgenthau, U. S. Atty., by Lars I. Kulleseid, Asst. U. S. Atty., New York City, for the United States.

Edmund Allen Rosner, New York City, for defendants.

MOTLEY, District Judge.

### Memorandum Opinion On Motions To Suppress And Dismiss Indictment

Defendants Reyes, Cordero and Burgos have been charged in a two count indictment with a violation of 21 U.S.C. § 176a which makes it a crime to deal in or possess illegally imported marihuana.

It is charged in count one that on or about April 26, 1967, defendants, "unlawfully, wilfully and knowingly, and with intent to defraud the United States, did receive, conceal and facilitate the transportation and concealment of a quantity of marihuana * * * [851 grams] knowing the same to have been imported and brought into the United States contrary to law in that the importation and bringing into the United States of marihuana by any person required to register and pay the special tax under * * * [other statutory provisions] without having so registered and paid such tax is unlawful." Count two makes the same charge with respect to 1127 grams of marihuana on or about May 6, 1967.[1] The indictment was filed on May 10, 1967. Defendant Burgos pleaded not guilty on May 19, 1967. On November 30, 1967, Burgos filed two motions.

*Motion to Suppress*

The first motion seeks an order pursuant to Rule 41(e) F.R.Cr.P. "suppressing all evidence unconstitutionally obtained in this case." No memorandum of law, as required by the rules of this Court, was filed in support of the motion.[2] Burgos filed an affidavit in which he alleged:

1) "Upon information and belief, it is claimed by the government, that as an incident to my arrest, I was searched and there was seized from my person approximately 1127 grams of marihuana";

2) "Upon information and belief, the government claims, that on or about April 26, 1967, approximately 851 grams of marihuana were seized from a motor vehicle which was being operated by my co-defendant herein, Steven Reyes, and in which my other co-defendant, Joseph Cordero, was a passenger." No other facts are alleged. The affidavit then concludes that neither of the searches and seizures were constitutional since they were not conducted pursuant to a valid search warrant, or consent, or as an incident to arrest.

With respect to the first allegation, the government replies that it has made no such claim and will not make any such claim in this case. This disposes of defendant's first ground for suppressing allegedly illegally seized evidence. As to the second allegation, the government rightly points out that Burgos is without standing to move to suppress the evidence allegedly seized from his co-defendants in alleged violation of their constitutional rights.

Rule 41(e), F.R.Cr.P.*, provides that: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use

---

1. Title 21 U.S.C. § 176a provides in pertinent part as follows:

    Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000 * * *

2. Rule 9, General Rules of United States District Court, Southern District of New York.

* Federal Rules of Criminal Procedure.

as evidence anything so obtained" on the grounds enumerated therein. In Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) the Court ruled: "In order to qualify as a 'person aggrieved by an unlawful search and seizure', one must have been a victim of a search and seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." (at 261, 80 S.Ct. at 731). United States v. Liguori, 373 F.2d 304 (2d Cir. 1967). For the foregoing reasons, including failure to file the required memorandum, the motion to suppress is denied.

*Motion to Inspect Grand Jury Minutes*

The second motion filed by Burgos, again unsupported by memorandum, seeks first an order: 1) permitting defendant to inspect the minutes of the grand jury on which the indictment against defendant was based; and 2) directing the United States Attorney to furnish and make available to defendant a copy of the grand jury minutes.

Defendant's reason for moving for a copy of the grand jury minutes is that, "upon information and belief, * * *, no actual evidence of 'illegal importation' or defendant's knowledge thereof, which are elements of the crime charged, was presented to the grand jury. Rather, the government relied upon the statutory inference that may be drawn from proof of the defendant's possession of the marihuana." [3]

■■ Assuming that it is true that the government relied upon the statutory inference, the indictment will not be dismissed when there is some competent evidence to sustain the charge made by the grand jury. Coppedge v. United States, 114 U.S.App.D.C. 79, 311 F.2d

128 (D.C.Cir. 1962), cert. denied, 373 U.S. 946, 83 S.Ct. 1541, 10 L.Ed.2d 701 (1963). Burgos does not claim that there was no competent evidence before the grand jury. Consequently, the reason relied upon by Burgos for securing the grand jury minutes is insufficient as a matter of law. "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed." Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The law in this Circuit is that if the indictment is valid upon its face, and was returned by a legally constituted, unbiased grand jury, this court is not to review the sufficiency of the evidence before that grand jury. United States v. Ramsey, 315 F.2d 199 (2d Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963); United States v. Calise, 217 F.Supp. 705 (S.D.N.Y.1962). The motion to produce a copy of the grand jury minutes is denied for the foregoing reasons and for the additional reason that the motion was not timely made. United States v. Pyke, 271 F. Supp. 359 (S.D.N.Y.1967); Rule 16(f), Fed.R.Cr.P.

*Motion to Dismiss Indictment on Ground 21 U.S.C. § 176a is Unconstitutional*

In the second motion filed by Burgos, he also seeks an order dismissing the indictment, in the alternative, on the ground that "it is predicated upon an unconstitutional statute."

■ In an affidavit filed by Burgos' attorney, he urges two alleged constitutional grounds upon which an order dismissing the indictment should be based. The first is as follows:

1) In order for Burgos to be charged with a violation of Title 21 U.S.C. 176

---

3. Title 21 U.S.C. § 176a provides in relevant part as follows:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury." 21 U.S.C. § 176a. The inference permitted by the foregoing provision has been held constitutional in the absence of proof that there is no rational basis for the inference. United States v. Gibson, 310 F.2d 79 (2d Cir. 1962).

(a) the marihuana in question must have been illegally imported into the United States. Marihuana is deemed illegally imported when the person bringing it into the United States fails to register and pay the special tax required by Title 26 U.S.C. 4751 and 4753. These registration and special tax provisions which were allegedly not complied with are invalid because they unconstitutionally conflict with the Fifth Amendment privilege against self incrimination. Compliance with the registration and special tax provision would constitute a self incriminating confession to the possession of marihuana which is rendered illegal under the penal law of every state. Certainly, therefore, the failure to comply with these incriminating registration and special tax provisions constitutes a protected exercise of the Fifth Amendment privilege against self incrimination and cannot be the basis for a finding that the marihuana in question was 'illegally' imported.

Defendant relies upon Albertson v. Subversive Activities Control Board, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965); Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889. Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (the latter three cases were decided by the United States Supreme Court on January 29, 1968).

In *Albertson*, relied upon by defendants in the three subsequent cases, the Court held an order by the Attorney General of the United States requiring members of the Communist Party to register violative of the member's Fifth Amendment privilege against self incrimination, since the information obtained could be used to prosecute the registrants under federal law.

In *Marchetti* and *Grosso*, the Court upheld defendants' claim that they could not, consistently with an exercise of their Fifth Amendment privilege against self incrimination, be prosecuted for vio-lation of federal statutes requiring gamblers to register and to pay excise and occupation taxes.

In *Haynes*, the Court upheld a similar claim by one convicted of possession of an unregistered firearm under 26 U.S.C. § 5851. The statute in *Haynes*, 26 U.S.C. § 5851, made it a crime to possess a firearm which had not been registered as required by 26 U.S.C. § 5841. The registration statute, 26 U.S.C. § 5841, requires every person possessing a firearm to register. The Court held that the elements of the offense under § 5851, possession of a firearm which had not been registered under § 5841, did not differ in any significant respect from those of the offense under § 5841, failure to register possession of a firearm. The Court then held the self incrimination claim good as a defense to a prosecution under either § 5851 or § 5841.

In short, in *Marchetti, Grosso* and *Haynes*, defendants were each charged with a crime, an essential element of which was the failure to do an act the doing of which would have required defendant to incriminate himself; such is not this case.

In the instant case, it is charged that defendants "did receive, conceal and facilitate the transportation and concealment of a quantity of marihuana * * * knowing the same to have been imported and brought into the United States contrary to law in that the importation and bringing into the United States of marihuana by any person required to register and pay the special tax under the provisions of Title 26, §§ 4751 and 4753, United States Code, without having so registered and paid such tax is unlawful."

Under 26 U.S.C. § 4751, a tax is imposed upon every person "who imports, manufactures, produces, compounds, sells, deals in, dispenses, prescribes, administers, or gives away marihuana." By the term of 26 U.S.C. § 4753, any person subject to the tax imposed by § 4751 shall register upon payment of such tax. This defendant is not charged with being the importer.

In Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, January 29, 1968, the government contended that an offense under 26 U.S.C. § 5851 of possession of an unregistered firearm differed from an offense under 26 U.S.C. § 5841 of failure to register possession of a firearm. The government's view was that § 5851 was intended to punish acceptance of the possession of a firearm which had never been registered by any *prior* possessor while § 5841 punished a present possessor who had failed to register his own possession. Justice Harlan noted that if that contention were true

" * * * nothing in a prosecution under § 5851 would turn on whether the present possessor had elected to register, his offense would have been complete when he accepted possession of a firearm which no previous possessor had registered." 88 S.Ct. 727.

The Court in *Haynes* left open the question whether in instances where a statute effectively creates two separate offenses, i. e., illegal possession of unregistered goods and failure to register such goods and no element of the first offense turns upon the second, such a statute creating the first offense would be free from any constitutional infirmity.

Although the Supreme Court's decision in *Haynes* arguably casts a constitutional shadow over the enforceability of 21 U.S.C. § 176a [and other statutes imposing a tax upon all transactions involving marihuana, 26 U.S.C. §§ 4741, 4751, 4752, and requiring those so involved to register, 26 U.S.C. § 4753, and making it a crime for failure to do so, 26 U.S.C. §§ 4744, 4755] the fact is that this

shadow has not yet taken the form of binding authority upon this court.[4]

The enforceability of 21 U.S.C. § 176a has been upheld in the face of claims that its enforcement violated the defendant's rights against self incrimination. Rule v. United States, 362 F.2d 215 (5th Cir. 1966), cert. denied, 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554 (1967); Haynes v. United States, 339 F.2d 30 (5th Cir. 1964), cert. denied, 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1965); Ruiz v. United States, 328 F.2d 56 (9th Cir. 1964); cf. Browning v. United States, 366 F.2d 420 (9th Cir. 1966). In this connection, it should be noted that the Supreme Court first granted certiorari in the *Grosso* case, 385 U.S. 810, 87 S.Ct. 47, 17 L.Ed.2d 53 (October 10, 1966). It then granted certiorari in the *Marchetti* case, 385 U.S. 1000, 87 S.Ct. 698, 17 L.Ed.2d 540 (January 9, 1967). On the same day on which the Court granted certiorari in the *Marchetti* case, it denied certiorari in Rule v. United States, supra. Six months later, the Court granted certiorari in *Haynes*, 388 U.S. 908, 87 S.Ct. 2130, 18 L.Ed.2d 1347 (June 12, 1967); on the same day, it restored to the calendar for reargument *Marchetti* and *Grosso*, 388 U.S. 903, 87 S.Ct. 2094, 18 L.Ed.2d 1343.

In *Rule*, the Fifth Circuit upheld the constitutionality of 21 U.S.C. § 176a and denied a similar self incrimination claim made there by Rule as is here made by Burgos. Rule was convicted on his plea of guilty to a violation of 21 U.S.C. § 176a and 26 U.S.C. § 4744(a) (2) and sought to set aside his conviction on self incrimination grounds.[5] Rule's contention was:

---

4. Other statutory provisions impose taxes and require registration of those dealing in narcotics (notably in this connection heroin and cocaine) and make it a crime to fail to do so. 26 U.S.C. §§ 4701, 4704(a), 4721, 4722, 4724. In the instant case, 21 U.S.C. § 176a makes it a crime to possess or deal in illegally imported marihuana. Title 21 U.S.C. § 173 makes it a crime to import narcotics into the United States, except as determined by the Commissioner of Narcotics. Title 21 U.S.C. § 174 makes it a crime to possess or deal in illegally imported narcotics.

5. 26 U.S.C. § 4744(a) (1) (2) provides:
"It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741 (a)—
(1) to acquire or otherwise obtain any marihuana without having paid such tax, or
(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained.
Proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and

"Had the petitioner attempted to declare, or invoke the marihuana, this attempt would give proof of possession, which is sufficient to convict, and petitioner would be forced, by law, to incriminate himself." (362 F.2d at 216). The court noted in *Rule* that the same self incrimination plea had been made in Pickett v. United States, 223 F.Supp. 695 (S.D. Cal.1963) and that the Supreme Court, in that case, likewise had denied certiorari. 379 U.S. 939, 85 S.Ct. 346, 13 L. Ed.2d 349 (1964).[6] The Fifth Circuit in *Rule* relied heavily on the *Pickett* decision. Pickett had been convicted of a violation of 21 U.S.C. § 176a. He was charged with smuggling, concealing, and transporting marihuana which had been illegally imported. He relied on Russell v. United States, 306 F.2d 402 (1962), in which the Ninth Circuit held that the firearm registration statute, 26 U.S.C. § 5841, was unconstitutional as compelling a person to be a witness against himself and admit a violation of 26 U.S.C. § 5851 for which there was a penalty. 26 U.S.C. § 5861. The court in *Pickett* ruled that: 1) The *Russell* case is not determinative since the United States has a right to prohibit entirely the importation of marihuana and has a right to attach conditions as to its importation. Pickett had the choice to obey the regulations or refrain from bringing the marihuana into the United States; 2) If Pickett had been required to invoice the marihuana, such action would not have subjected him to prosecution under 26 U.S.C. § 4744, since that statute has reference to marihuana possessed or obtained etc. within the United States. When Pickett came from Mexico, and until he passed the Port of Entry, or disregarded his first opportunity to invoice the marihuana, he had not entered the United States.

After citing the forgoing rulings in *Pickett*, the Fifth Circuit in *Rule* then concluded that, "the privilege against compulsory self-incrimination contemplates a crime already committed and that officers will not then be permitted to extract, by duress, evidence of that crime from the accused himself. We do not think it confers immunity in the actual commission of a crime as in the instance now before us." One instance before the court was a violation of 21 U.S.C. § 176a.

However, the Fifth Circuit's conclusion as to the ambit of the privilege against self incrimination was rejected by the Supreme Court in *Marchetti, Grosso,* and *Haynes,* supra. *Marchetti,* supra, first held that the Fifth Amendment privilege is applicable to prospective acts when the risks of incrimination are substantial, 88 S.Ct. 697, and secondly, held that those "inherently suspect of criminal activities" need not choose between ceasing their illegal activities or providing information incriminating to themselves. 88 S.Ct. 697.

Despite the fact that the rationale of the Fifth Circuit decisions and of *Pickett,* supra, has been eroded, it seems clear that the Supreme Court's decisions in *Marchetti, Grosso,* and *Haynes* do not invalidate an indictment for possession of unregistered and untaxed marihuana against one who was not required to incriminate himself.

Finally, Burgos attacks 21 U.S.C. § 176a on the ground that the inference, as applied to marihuana, i. e. that it was illegally imported and that defendant knew of such illegal importation, which the statute permits to be drawn from proof of possession of marihuana, is unconstitutional. Burgos urges this ground of claimed unconstitutionality as a further reason why the indictment against him ought to be dismissed. He asserts that marihuana, unlike certain other drugs, e. g., heroin and other opium derivatives, may be grown throughout the United States. Burgos then argues

demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this subsection and of liability for the tax imposed by section 4741(a)."

6. However, certiorari apparently was denied in *Pickett* because Pickett filed a pro set application in the Supreme Court for certiorari rather than an appeal to the Court of Appeals for the Ninth Circuit.

---

that proof of defendant's possession of marihuana, when considered in the light of the fact that marihuana may be grown in the United States, cannot reasonably justify the statutory inference relied upon by the government in securing his indictment.

Burgos properly asserts that in order for a statutory inference to stand the test of constitutionality, there must be a reasonable relationship between the fact proved and the ultimate fact inferred. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965).

However, since this is a pretrial motion, and we do not know whether the government intends to rely upon such inference or offer other proof of illegal importation, now is not the time for this court to rule on this constitutional challenge. Cf. United States v. Gibson, 310 F.2d 79 (2d Cir. 1962). The court already has ruled it will not inquire into the sufficiency of the evidence before the grand jury. It is not necessary for the government to submit enough evidence to the grand jury for conviction. United States v. Cohen, 113 F.Supp. 955 (S.D. N.Y.1953).

Defendant's motions are denied in their entirety.