**Timothy LEARY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23570.

United States Court of Appeals Fifth Circuit.

March 29, 1968.

Joel Jay Finer, Stanford, Cal., Robert J. Haft, New York City, for appellant.

Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

ON PETITION FOR REHEARING EN BANC

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar.

(b), the Petition for Rehearing En Banc is denied.

In a supplementary petition for rehearing, appellant calls attention to three recent Supreme Court decisions rendered on January 29, 1968 (subsequent to our original opinion in this case, 383 F.2d 851), in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, and makes the contention that because of these holdings his conviction must be reversed on Count 3 of the indictment, which charged the transportation of marihuana as a transferee without having paid the transfer tax and without having secured and furnished the written order forms of the Secretary of the Treasury required by statute. See 26 U.S.C. §§ 4741(a), 4742, 4744(a). Appellant's position is that the statutory provisions referred to violate the Fifth Amendment privilege against self-incrimination, and that though this contention was rejected by us in our original opinion, the new rulings of the Supreme Court in Marchetti, Grosso and Haynes now compel a holding that the conviction on Count 3 is invalid because it is based on unconstitutional statutory provisions. From this it is contended that the arguments made and charge to the jury relating to Count 3 matters have necessarily prejudiced appellant's entire case, including his defense to Count 2, which charged a violation of 21 U.S.C. § 176a in transporting and facilitating the transportation and concealment of marihuana.

The Supreme Court set aside the conviction in Marchetti, which charged violations of the Federal Wagering Tax Statutes for evading payment of the annual occupational tax imposed by 26 U.S.C. § 4411 and for wilfully failing to register before engaging in the business of accepting wagers, as required by 26 U.S.C. § 4412. In Grosso, the conviction for wilful failure to pay the excise tax on wagering imposed by 26 U.S.C. § 4401, and for failure to pay the special occupational tax imposed by 26 U.S.C. § 4411, was reversed. In Haynes, the conviction for violating 26 U.S.C. § 5851 in knowingly possessing a firearm, as defined by 26 U.S.C. § 5848(1), which had not been registered with the Secretary of the Treasury, as required by 26 U.S.C. § 5841, was reversed.

Appellant thus contends that these new Supreme Court decisions now require a reversal of the Count 3 conviction in that the appellant's transportation of marihuana, without having paid the transfer tax and without having secured and furnished the written order forms of the Secretary of the Treasury, is analogous to the statutory provisions relative to possessing an unregistered firearm referred to in Haynes, and to the statutory provisions relating to registration and occupational tax in connection with wagering activities referred to in Marchetti and Grosso. Appellant argues that the federal statutory provisions relating to marihuana, of which he stands convicted, thus penalize an individual's refusal so to incriminate himself.

We disagree with appellant's contentions because we believe the holdings in Marchetti, Grosso and Haynes are clearly distinguishable from the instant case.

The United States points out in its response to appellant's supplementary petition for rehearing that the statutes involved in the new Supreme Court cases differ from the marihuana statutes here in that under the former there are no licensing provisions and activities thereunder are always unlawful. The possession of marihuana, however, is not per se a crime. Under the law of Texas where the crime was committed, marihuana may be lawfully possessed under the law of that state by pharmacists, physicians and others. See Vernon's Texas Penal Code Art. 725b. The same is true under federal statutes where marihuana may be lawfully possessed. See 26 U.S.C. §§ 4741–4757 and 4771–4775. See also

United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47 (1950).

In *Marchetti*, the Supreme Court also said (390 U.S. 39, 88 S.Ct. 709):

"We emphasize that we do not hold that these wagering tax provisions are as such constitutionally impermissible; we hold only that those who properly assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with their requirements. If, in different circumstances, a taxpayer is not confronted by substantial hazards of self-incrimination, or if he is otherwise outside the privilege's protection, nothing we decide today would shield him from the various penalties prescribed by the wagering tax statutes."

Here, appellant took the stand and affirmatively waived the privilege against self-incrimination by testifying fully to the details of his acquisition and transportation of marihuana without having paid the tax or having secured the Treasury written order forms.

We reaffirm our prior ruling on this issue (based on several former decisions of this Court, namely, Haynes v. United States, 5 Cir., 1964, 339 F.2d 30, cert. denied, 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1965); Rule v. United States, 5 Cir., 1966, 362 F.2d 215; and Manning v. United States, 5 Cir., 1960, 274 F.2d 926) that the statutory provisions relating to marihuana (26 U.S.C. §§ 4741(a), 4742 and 4744(a)) which require that transfers of marihuana be accompanied by written order forms issued by the Secretary of the Treasury, in payment of the transfer tax, are not unconstitutionally violative of the Fifth Amendment privilege against compulsory self-incrimination.

Appellant's other contentions in his petition for rehearing have been fully considered and are amply discussed and disposed of in our original opinion.

Rehearing denied; rehearing en banc denied.