George X. RAMSEUR

v.

UNITED STATES of America.

Civ. A. No. 6276.

United States District Court
E. D. Tennessee, N. D.

May 16, 1968.

---

4. Filed with the court June 14, 1968, when the motion was heard.

George X. Ramseur, in pro. per.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

George X. Ramseur has moved for an order vacating the sentence in his case that was made on January 26, 1965, on a plea of not guilty of the charge of transferring or aiding and abetting in the transfer of marijuana and obtaining marijuana without having paid the tax thereon in violation of Title 26 U.S.C. Section 4742(a), and Section 4744(a) (1). He was sentenced for a period of fifteen years for the violation of 4742(a) and for five years for the violation of 4744(a) (1), the sentences to run concurrently.

█ Petitioner claims that his sentence is unconstitutional and, therefore, void because he was charged with failure to obtain a written order from the Secretary or his delegate for the transfer of marijuana, and with failure to pay the tax required for obtaining the marijuana. Petitioner bases his contention on the recent United States Supreme Court cases of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923; Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; all of which were decided on January 29, 1968.

In *Marchetti* and *Grosso*, defendants were charged with failure to pay the annual occupational tax under 26 U.S.C. § 4411, and failure to register before engaging in the business of accepting wagers under 26 U.S.C. § 4401. De-fendants claimed that such statutory obligations violated their Fifth Amendment privilege against self-incrimination, as wagering is a violation of the laws of the states. The Supreme Court agreed and reversed the convictions for the reason, among others, that the statutes are directed at a highly selective group, inherently suspect of criminal activity. The statutes are also directed at activities widely prohibited under both federal and state law.

The *Haynes* case and United States v. Forgett, 349 F.2d 601 (C.A. 6, 1965; rehearing granted on March 15, 1968), involved the firearms registration statutes which have essentially the same effects as the wagering statutes. The Supreme Court also ruled that requiring Haynes to register was a violation of his Fifth Amendment rights protecting him from self-incrimination.

There are distinctions which may be drawn between the firearms statutes and the marijuana statutes. The latter are directed at anyone possessing marijuana including doctors, pharmacists, and others. They are not directed at activities widely prohibited under federal and state law, as it is possible to legally possess marijuana (Title 52 T.C. A. Chapter 13).

In discussing the effect of its conclusions in *Marchetti* on the Government taxing other unlawful activities, the Court said:

"* * * Accordingly, nothing we do today will prevent either the taxation or the regulation by Congress of activities otherwise made unlawful by state or federal statutes.

\* \* \* \* \* \*

"* * * If, in different circumstances, a taxpayer is not confronted by substantial hazards of self-incrimination, or if he is otherwise outside the privilege's protection, nothing we decide today would shield him from the various penalties prescribed by the wagering tax statutes."

There were decisions prior to *Marchetti, Grosso* and *Haynes* holding that

registration under the marijuana statutes did not violate Fifth Amendment rights. Arrizon v. United States, D.C., 224 F.Supp. 26 (1963) and Leary v. United States, 383 F.2d 851 (C.A. 5, 1967) are examples.

The *Leary* (Leary v. United States) case was recently reheard by the Fifth Circuit on March 29, 1968, 392 F.2d 220, which was after the decisions of *Haynes*, *Marchetti* and *Grosso*. The Court observed that the cases are distinguishable.

"* * * Appellant argues that the federal statutory provisions relating to marihuana, of which he stands convicted, thus penalize an individual's refusal so to incriminate himself.

"We disagree with appellant's contentions because we believe the holdings in *Marchetti, Grosso* and *Haynes* are clearly distinguishable from the instant case.

"The United States points out in its response to appellant's supplementary petition for rehearing that the statutes involved in the new Supreme Court cases differ from the marihuana statutes here in that under the former there are no licensing provisions and activities thereunder are always unlawful. The possession of marihuana, however, is not per se a crime. Under the law of Texas where the crime was committed, marihuana may be lawfully possessed under the law of that state by pharmacists, physicians and others. See Vernon's Texas Penal Code Art. 725b. The same is true under federal statutes where marihuana may be lawfully possessed. See 26 U.S.C. § 4741–4757 and 4771–4775. See also United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47 (1950).

\* \* \* \* \* \*

"We reaffirm our prior ruling on this issue (based on several former decisions of this Court, namely, Haynes v. United States, 5 Cir., 1964, 339 F.2d 30, cert. denied, 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1965); Rule v. United States, 5 Cir., 1966, 362 F.2d

215; and Manning v. United States, 5 Cir., 1960, 274 F.2d 926) that the statutory provisions relating to marihuana (26 U.S.C. §§ 4741(a), 4742 and 4744(a)) which require that transfers of marihuana be accompanied by written order forms issued by the Secretary of the Treasury, in payment of the transfer tax, are not unconstitutionally violative of the Fifth Amendment privilege against compulsory self-incrimnation."

Another subsequent case is United States v. Reyes, D.C., 280 F.Supp. 267 (S.D.N.Y., 1968), where the Court points out that:

"* * * On the same day on which the Court granted certiorari in the *Marchetti* case, it denied certiorari in Rule v. United States, supra * * *"

In the *Rule* case, the Court held that the statute (21 U.S.C. § 176(a)) making it a crime to introduce marijuana into the United States without declaring it did not violate the Fifth Amendment privilege against self-incrimination.

It is also stated in *Reyes,* supra:

"Despite the fact that the rationale of the Fifth Circuit decisions and of *Pickett,* supra, has been eroded, it seems clear that the Supreme Court's decisions in *Marchetti, Grosso,* and *Haynes* do not invalidate an indictment for possession of unregistered and untaxed marihuana against one who was not required to incriminate himself."

Another reason why petitioner's motion must be denied is, in the *Grosso, Marchetti, Haynes* and *Forgett* cases, the defendant raised the Fifth Amendment defense at the beginning of the trial and on each appeal. The Supreme Court stated in *Grosso:*

"* * * We emphasize that we do not hold that these wagering tax provisions are as such constitutionally impermissible; we hold only that those who properly assert that constitutional privilege as to these provisions

may not be criminally punished for failure to comply with their requirements * * * "

██ In the present case, however, petitioner pleaded "not guilty" at the trial. On his appeal he argued, among other things, that he had been denied equal protection of the laws because of an all white, male jury, and that he was denied his rights under the Fifth Amendment by overruling of his motion to suppress certain physical evidence and the admission of same as an exhibit at the trial. He did not raise the self-incrimination defense either at the trial or on appeal, and it is too late now to raise such defense. A motion to vacate sentence under Title 28 U.S.C. Section 2255 cannot be used as a substitute for an appeal.

There is no averment of fact in the petition showing that petitioner was deprived of any constitutional right. The files and the records of the case conclusively show that he was not deprived of any constituional right and is not entitled to relief. It is, therefore, ordered that the motion to vacate be, and same hereby is, denied.