**UNITED STATES of America**

v.

**Earnest YOUNG.**

**Crim. A. No. 17492.**

United States District Court
E. D. Tennessee, N. D.

June 6, 1968.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Robert Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Ray Lee Jenkins, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

ROBERT L. TAYLOR, Chief Judge.

Earnest Young has moved to dismiss the indictment against him charging violation of 26 U.S.C. Sections 5179, 5173, 5222 and 5601 on the ground that the requirements of these sections compel violation of the Fifth Amendment privilege against self-incrimination. Defendant relies on three recent Supreme Court cases: Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 902; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923.

The Supreme Court reversed the convictions in the above cases, indicating, among other things, that the statutes requiring registration are directed to an area permeated with criminal statutes; are directed at a highly selective group, inherently suspect of criminal activity; and are directed at activities widely prohibited under both federal and state law. Moreover, the statutes were essentially criminal in nature and not

in the general area of what could be called regulatory inquiry.

There are differences between the wagering and firearms registration statutes and 26 U.S.C. § 5173. Section 5173 is not directed at a highly selective group, inherently suspect of criminal activity, but is directed at anyone who is in the distillery business. It is reasonable to believe that Congress did not intend to suppress these activities but to regulate them and to obtain revenue therefrom. Furthermore, these statutes are not directed at activities widely prohibited under federal and state law, as it goes without saying that one can legally operate a distillery. (T.C.A. § 57–201)

In discussing the effect of its conclusion in *Marchetti*, supra, on the Government taxing other unlawful activities, the Court said:

"* * * Accordingly, nothing we do today will prevent either the taxation or the regulation by Congress of activities otherwise made unlawful by state or federal statutes." 390 U.S. p. 60, 88 S.Ct. p. 709.

"* * * If, in different circumstances, a taxpayer is not confronted by substantial hazards of self-incrimination, or if he is otherwise outside the privilege's protection, nothing we decide today would shield him from the various penalties prescribed by the wagering tax statutes." 390 U.S. p. 61, 88 S.Ct. p. 709.

Title 26 U.S.C. §§ 5173 and 5179 are similar to the statutes regulating the transferring of marijuana (26 U.S.C. §§ 4741–4762). These statutes have been upheld in the face of self-incrimination attacks by cases decided after *Marchetti, Grosso* and *Haynes,* supra. Leary v. United States, 392 F.2d 220 (C.A. 5, March 29, 1968); United States v. Reyes, 280 F.Supp. 267 (S.D.N.Y., 1968). See this Court's opinion in Ramseur v. United States, Civil Action No. 6276.

It is our view that the rulings in *Marchetti, Grosso,* and *Haynes* do not apply to either Section 5173, 5179 or 5222 of Title 26 U.S.C. Section 5222 provides only for the production, receipt, removal and use of distilling materials. Section 5601 is one of the penalty sections for violation of the statutes relating to liquors.

Count Three has been previously dismissed upon motion of the Government.

The motion to dismiss is denied.