UNITED STATES of America

v.

Gail O'Donnell PHIPPS.

Crim. No. M–84–00531.

United States District Court,
D. Maryland.

Jan. 22, 1985.

J. Frederick Motz, U.S. Atty. for D. of Maryland, Arthur F. Fergenson and Mi-

chael G. Middleton, Asst. U.S. Attys., Baltimore, Md., for United States of America.

Joseph M. Fairbanks, Baltimore, Md., for defendant Phipps.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

The defendant, Gail O'Donnell Phipps, was compelled by order of this court, pursuant to 18 U.S.C. § 6002, to testify on October 31, 1984, in connection with a grand jury investigation in this district which resulted in the return of a superseding indictment in *United States v. Franck, et al.*, Criminal No. M–84–00410, charging the commission of various drug-related crimes. Ms. Phipps was subsequently charged in the present case with threatening a federal witness in the *Franck* case on or about November 20, 1984. She moved to suppress her compelled grand jury testimony which the government has indicated it will seek to introduce in part at trial.

At a hearing on the issue, held on January 18, 1985, the defendant's motion was denied. The reasons, announced from the bench at that hearing, are set forth briefly herein.

### Background

Before the grand jury, Ms. Phipps was questioned about a number of phone calls she made to friends after the original indictment was returned in *United States v. Franck, et al.*, Criminal No. M–84–00410. Her grand jury testimony regarding those phone calls indicated that their purpose was to determine what those friends knew about the indictment and subsequent arrests on various drug charges of the 17 defendants in *Franck*. Her grand jury testimony further indicated that she tried to determine whether any of those friends had been implicated in the alleged drug conspiracy by the government cooperators. (*See* Phipps' Grand Jury Testimony at 37–42, 85–89).

The bulk of Ms. Phipps' testimony, however, related to her relationship with Mr. Franck, the alleged kingpin of the drug conspiracy, and what she knew about his and others' drug dealings.

On November 20, 1984, after she had testified before the grand jury, Ms. Phipps allegedly threatened a witness who likely would appear to testify against the defendants in the trial of the *Franck* case. She subsequently was indicted under 18 U.S.C. § 1512(a) for that offense.

The government seeks to use Ms. Phipps' grand jury testimony to show her close relationship to Mr. Franck and her dependency on him as a means to prove motive and intent for the alleged threat.

### Legal Analysis

The statutory immunity conferred on a defendant by 18 U.S.C. § 6002 " 'is intended to be as broad as, but no broader than, the privilege against self incrimination [granted by the Fifth Amendment].' " *United States v. Apfelbaum*, 445 U.S. 115, 123, 100 S.Ct. 948, 953, 63 L.Ed.2d 250 (1980) (*citing* S.Rep. No. 91–617, p. 145; H.R.Rep. No. 91–1549, p. 42 (1970)), U.S. Code Cong. & Admin.News 1970, p. 4007.

In all but a few exceptional and rare cases, the Fifth Amendment does not immunize a witness from the use of his testimony in a prosecution for an act committed subsequent to the date of the testimony. *See, e.g., United States v. Caron*, 551 F.Supp. 662, 671 (E.D.Va.1982), *aff'd. without opinion*, 722 F.2d 739 (4th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1983); *United States v. Quatermain, Drax*, 613 F.2d 38, 42 (3d Cir.), *cert. denied*, 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980); *Rule v. United States*, 362 F.2d 215, 217 (5th Cir.1966), *cert. denied*, 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554 (1967).

The exceptional and rare cases are those in which a substantial hazard of incrimination occurs as to future acts. The only class of cases in which that very limited exception has been applied are those in which the future acts necessarily will be criminal because they relate to an ongoing conspiracy, *see, United States v. Hossbach,*

518 F.Supp. 759, 770–71 (E.D.Pa.1980), or because they are part of a criminal occupation as to which the admission is compelled. *See, e.g., Marchetti v. United States,* 390 U.S. 39, 54, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968).

 The act alleged herein, *i.e.,* threatening a federal witness, does not come within the limited exception just described. In the case at bar, Ms. Phipps certainly was not in the business of making threats nor could this future act have been predicted from her testimony about the *Franck* conspiracy. The future act was not a part of the drug conspiracy charged in *Franck.* It is a new, different, and subsequent act.

The defendant's "argument assumes the existence of a periphery of the Self-Incrimination Clause which protects a person against incrimination not only against past or present transgressions but which supplies insulation for a career of crime about to be launched. We cannot give the Self-Incrimination Clause such an expansive interpretation." *United States v. Freed,* 401 U.S. 601, 606–07, 91 S.Ct. 1112, 1117, 28 L.Ed.2d 356 (1971).

"[T]he hazard of incrimination arising from one's possible criminal act at some time in the future is too speculative and remote to merit fifth amendment protection." *United States v. Quatermain, Drax,* 613 F.2d at 43.

For the above stated reasons and for the reasons stated in open court at the hearing on this matter, the defendant's motion to suppress is hereby DENIED.

It is SO ORDERED this 22nd day of January, 1985, by the United States District Court for the District of Maryland.