Germaine HAILI, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 2102.

United States District Court
D. Hawaii.

Dec. 14, 1962.

Germaine Haili, petitioner, in pro. per.

TAVARES, District Judge.

On July 14, 1959, Germaine Haili, hereinafter referred to as "petitioner," was convicted in this court in the case of United States of America v. Germaine Haili, Cr.No.11,344, after a trial by jury of a violation of Section 4744(a) of Title 26 U.S.C. On July 24, 1959, he was sentenced to imprisonment for five years. He is presently serving that sentence in the Federal Penitentiary at McNeil's Island, State of Washington.

He has filed in this court a motion under Section 2255 of Title 28 U.S.C.[1] to vacate and set aside said conviction and sentence on the ground that "the Tax scheme of Sections 4741(a) (b), 4742 and 4744(a), Title 26 U.S.C., violates the self-incrimination clause of the Fifth Amendment.[2]

The motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Therefore, no hearing will be had on the motion and his presence is not necessary to the decision of the matter.[3]

Subject to exceptions not applicable to petitioner, the sections mentioned impose a tax upon each transfer of marihuana, such tax to be paid by the transferee at the time of procuring the order form hereinafter mentioned, and in some cases the transferor to be also liable for such tax. Every person, subject to exceptions not applicable to petitioner, is required, prior to an intended transfer of marihuana to him, to purchase from the Secretary of the Treasury or his delegate and fill out an original and two copies of a form, showing the date of sale, the name and address of the proposed vendor, the name and address of the purchaser and the amount of marihuana ordered. The purchaser of the forms is to be given the original and

1. 28 U.S.C. § 2255 provides:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
"A motion for such relief may be made at any time. * * * "

2. "No person * * * shall be compelled in any criminal case to be a witness against himself * * *."
Constitution of the United States, Amendment V.

3. 28 U.S.C. § 2255.

one copy and he is to give the original to any person who shall, in pursuance thereof, transfer marihuana to him. The purchaser is to retain the copy given to him for a period of two years so as to be readily accessible to inspection by any officer or employee mentioned in Section 4773 of Title 26 U.S.C. The other copy is to be preserved in the internal revenue district. It is unlawful for any person who is a transferee required to pay the tax mentioned to acquire or otherwise obtain any marihuana without having paid such tax and proof that any person, with exceptions not applicable to petitioner, shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary of the Treasury or his delegate to produce the order form required to be retained by him, is presumptive evidence of guilt and of liability for the tax imposed on the transfer.

Petitioner contends that the scheme mentioned violates the Fifth Amendment because it requires a person to give evidence against himself [4] of a violation of Section 176a of Title 21 U.S.C. [5]

It would serve no useful purpose to make a determination in this proceeding whether the information disclosed by a person in filling out the form would be evidence of a violation of Section 176a. For the purpose of this decision, it will be assumed that it would be such evidence.

The scheme requires such person to fill out such forms only as to transfers of marihuana to take place in the future, not as to past transfers of marihuana. In Russell v. United States (1962), 9th Cir., 306 F.2d 402, at page 410, the court, referring to United States v. Kahriger (1953), 345 U.S. 22, 73 S.Ct. 510, 97 L. Ed. 754, and Lewis v. United States (1955), 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475, said:

> "Kahriger was a prosecution for wilfully failing to register and pay the occupational tax on the business of accepting wagers in Pennsylvania where gambling is illegal. The registration provision of that statute [6] required persons who intended to engage in the business of accepting wagers to file names, addresses, and places of business. The Supreme Court held that this provision was not violative of the Fifth Amendment because the privilege against self-incrimination ' * * * has relation only to past acts, not to future acts that may or may not be committed * * * '. The same view was expressed and the same result was reached in Lewis, involving the District of Columbia, where wagering is a federal offense."

Petitioner has filed an affidavit of poverty and asks for leave to proceed on this motion in forma pauperis. No filing fee need be paid for the filing of his motion herein and

The motion for relief under Section 2255 of Title 28 U.S.C., is denied.

4. Petitioner did not claim at his trial for a violation of Section 4744(a) of Title 26 U.S.C., that he had filled out the forms mentioned and he did not claim that he had paid the tax, for which failure to pay he was prosecuted under that section. Therefore, it is obvious that he had done neither. Under these circumstances, " * * * it is difficult to see how he can now claim the privilege even assuming that the disclosure of violations of law is called for. * * * " United States v. Kahriger (1953), 345 U.S. 22, 32 [73 S.Ct. 510]. However, the court will assume that petitioner can raise the self-incrimination issue in this proceeding. Id. p. 32 [73 S.Ct. p. 515].

5. 21 U.S.C. § 176a provides that " * * * whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, * * * " shall be guilty of an offense.

6. Now 26 U.S.C. § 4412.