Sherman Alphonse **GENDRON,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17649.

United States Court of Appeals
Eighth Circuit.

Jan. 27, 1965.

Sherman Alphonse Gendron, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, Chief Judge, and VOGEL and MEHAFFY, Circuit Judges.

PER CURIAM.

Petitioner, Sherman Alphonse Gendron, was tried to a jury, convicted, and is presently serving a five year sentence for his part in the unlawful transportation in interstate commerce of 133 stolen United States Savings Bonds in violation of 18 U.S.C.A. § 2315.

In affirming his conviction upon appeal, we observed that at his trial defendant made no objection to the Government's introduction into evidence of the stolen bonds seized by state officers from his automobile as incident to his arrest for a traffic violation, and did not at any time move to suppress this evidence as the product of an illegal search or seizure in the manner required by Fed.R.Crim.P. 41(e). Accordingly, we declined to note plain error under Fed.R.Crim.P. 52(b) with respect to the issue of illegal search and seizure, concluding that upon an examination of all the evidence, the trial court committed no prejudicial error resulting in a miscarriage of justice. Gendron v. United States, 295 F.2d 897 (8th Cir. 1961).

Petitioner now seeks by a motion under 28 U.S.C.A. § 2255 to set aside his judgment and sentence for reason of the same alleged illegal search and seizure. In denying the motion of petitioner, District Judge Harper who originally heard the case on its merits declined appointment of an attorney and requirement of a hearing as unnecessary to disposition of the constitutional issue. Gendron v. United States, 227 F.Supp. 182 (E.D.Mo. 1964).

In this appeal *pro se* from the order of the District Court overruling his motion, petitioner renews his complaint only as to the constitutional abridgement he suffered by virtue of the alleged illegal search and seizure. In his reply brief,

he also objects to the failure of the Government to timely file its brief in answer to that of petitioner's as prescribed by Rule 11(a) of this Court.

With regard to the constitutional question before us for a second time, we adopt the reported decision of the District Court, supra, which correctly applied the law of this circuit prohibiting use of § 2255 as a means after an appeal to revitalize the issue of illegal search and seizure. Furthermore, the District Court reached a permissible finding that even assuming the availability of § 2255 for this purpose, the evidence at trial failed to support the constitutional defense on its merits.

Our decision, above announced, obviates any purpose for discussing the late filing of the Government brief.

The petition is dismissed.