## 472

UNITED STATES of America

v.

Ronald B. VIAL.

Crim. No. 67-48.

United States District Court
D. Massachusetts.

April 2, 1968.

Philip Wilens, Atty., Department of Justice, Washington D. C., Paul F. Markham, U. S. Atty., Albert F. Cullen, Asst. U. S. Atty., for plaintiff.

Joseph S. Oteri, Harvey A. Silverglate, Cambridge, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

The indictment charges Vial as a principal with having imported into the United States marijuana in violation of 21 U.S.C. § 176a. Government counsel specified orally that the Government's proof would show that the marijuana was produced abroad and was transported into the United States unlawfully by Vial as principal.

Defendant has moved to dismiss the indictment on the ground that in order to have complied with the requirements of § 176a he would have been forced to incriminate himself, contrary to the Fifth Amendment to the United States Constitution.

■ Indubitably, 21 U.S.C. § 176a does not have on its face any requirement of self-incrimination. Read literally, therefore, the statute does not conflict with the United States Constitution.

However, it is asserted that at least the implications of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 902, and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, three decisions rendered by the Supreme Court of the United States on January 29, 1968, suggest that 21 U.S.C. § 176a as here sought to be applied would violate the Fifth Amendment. The argument has a certain plausibility, particularly because of the construction placed upon the majority opinions in the three cases just cited by Chief Justice Warren dissenting from the judgments in those cases.

■ However, it behooves a United States District Judge to remember that he is only one man and that there is a

strong presumption of constitutionality of acts of Congress which, after all, have always commanded a majority in each House of Congress and frequently, as here, the approval of the President of the United States. Of course, a United States District Judge, like every other public officer, has taken an oath to support the Constitution of the United States. But that oath may reasonably be interpreted as including a modest awareness of one's own limited competence.

Motion to dismiss the indictment denied.