**Felix WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 4–68–Civ–247.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 25, 1968.

Felix Williams, pro se.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Petitioner Felix Williams, a federal prisoner, moves, under Title 28 U.S.C.A. § 2255, to vacate the 35-year sentence imposed upon him in 1957.

He was convicted on twelve counts of violations of various federal narcotic laws. The essential facts, and the affirmance of that conviction, are reported in Williams v. United States, 260 F.2d 125 (8th Cir. 1958). Certiorari was denied. 359 U.S. 918, 79 S.Ct. 596, 3 L.Ed. 2d 579 (1959).

In 1959 petitioner sought post-conviction relief under the title of a "writ of nisi feceris without unnecessary cunctation and in support of error coram nobis to vacate and set aside an erroneous conviction." That quest was construed as a petition for relief under § 2255; relief was denied on November 10, 1959. Petitioner's attempt to appeal the denial in *forma pauperis* was denied by this court; the denial was upheld by the Court of Appeals for the Eighth Circuit.

In 1960, petitioner again sought relief under § 2255, accompanying his motion with a widely-ranging ninety-three page memorandum. This petition was also denied as lacking merit and good faith.

The present petition is therefore Felix Williams's third. This court noted seven years ago, in connection with this case, that somewhere litigation must end. However, because the petitioner's persistence, which is assumed to be in good faith, this time has evolved some fresh issues, we have accorded his petition full consideration.

The issues raised in the present petition may be summarized as follows:

1) That 26 U.S.C.A. § 4742, requiring a written order form for the transference of marijuana, and 26 U.S.C.A. § 4744, requiring payment of a transfer tax on marijuana, violate the privilege against self-incrimination guaranteed by the Fifth Amendment.

2) That the statutory presumptions of 21 U.S.C.A. §§ 174 and 176a, and 26 U.S.C.A. §§ 4704(a) and 4744(a), deprive a defendant of due process of law and a fair and impartial jury as required by the Fifth and Sixth Amendments.

3) That Counts One through Eight and Ten of the indictment fail to state a criminal offense against the United States.

4) That petitioner was deprived of his right to effective counsel at all stages of the proceedings against him in violation of the Sixth Amendment.

5) That during interrogation by federal officers, the lack of warning given as to his rights was a deprivation of assistance of counsel, due process, and the privilege against self-incrimination in violation of the Fifth and Sixth Amendments.

These contentions will be considered seriatim.

■ Petitioner was convicted on four counts of having transferred marijuana without a written order as required by 26 U.S.C.A. § 4742(a), and on five counts of failing to pay the transfer tax in violation of 26 U.S.C.A. § 4744(a). It is apparently petitioner's contention that compliance with these sections would have been in effect an announcement of his illegal possession and intention to transfer marijuana, and that therefore the statutes violate his privilege against self-incrimination.

Petitioner rests his argument on three recent United States Supreme Court cases dealing with wagering taxes and registration of firearms. In Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), it was held that §§ 4411 and 4412 of Title 26 U.S. C.A. which require gamblers to register and to pay an occupational tax,

"may not be employed to punish criminally those persons who have defended a failure to comply with their requirements with a proper assertion of the privilege against self-incrimination." 88 S.Ct. at 699.

In so ruling, the Court effectively overruled the cases of Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955), and United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953).

In Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), the reasoning of *Marchetti*, supra, was repeated to prevent conviction for failure to pay an excise and an occupational tax on wagering. See 26 U.S.C.A. §§ 4401, 4411. The third case, Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), decided that,

"a proper claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under § 5841 [Title 26 U.S.C.A.] or for possession of an unregistered firearm under § 5851 [Title 26 U.S.C.A.]." 88 S.Ct. at 732.

Undoubtedly, the statutes under which petitioner was convicted, like those considered in their triad of cases cited above, require information which in most cases would substantially increase the likeli-

hood of criminal prosecution. See discussion at 88 S.Ct. 702, and at 88 S.Ct. 730. Such a similarity is sufficient to cast doubt on the continued efficacy of prosecutions under §§ 4742(a) and 4744 (a). In fact, some recent cases have recognized the probable effect of *Marchetti, Grosso,* and *Haynes,* on the vitality of the statutes here being considered. See, e. g., United States v. Covington, 282 F.Supp 886 (S.D.Ohio 1968); United States v. Vial, 282 F.Supp. 472 (D. Mass.1968). The current docket of the United States Supreme Court includes a consideration of this very question. Leary v. United States, 383 F.2d 851 (5th Cir. 1967), cert. granted 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362; 37 LW 3009 (1968).

Nevertheless, attention to the doctrine of retroactive effect of new constitutional standards compels the conclusion that, regardless of the result in the *Leary* case, petitioner is entitled to no relief on this issue.

Petitioner was convicted in 1957. By 1959 he had exhausted the regular channels of appellate review. At that time the constitutionality of the statutes under which he was convicted, and the impotency of the privilege against self-incrimination as a full defense to prosecutions thereunder, were solidly established. Until this moment, the law has not changed. Browning v. United States, 366 F.2d 420 (9th Cir. 1966); Rule v. United States, 362 F.2d 215 (5th Cir. 1966) cert. denied 385 U.S. 1018, 87 S.Ct. 744, 17 L.Ed.2d 554 (1967); Haynes v. United States, 339 F.2d 30 (5th Cir. 1964) cert. denied 380 U.S. 924, 85 S.Ct. 926, 13 L.Ed.2d 809 (1965); Pickett v. United States, 223 F.Supp. 695 (S.D.Cal. 1963), cert. denied 379 U.S. 939, 85 S.Ct. 346, 13 L.Ed.2d 349 (1964); Haili v. United States, 212 F.Supp. 656 (D.Haw. 1962). These cases invoked the teach-

ings of, and thus girded the authority of, United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953), and Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955).

Indeed, it should be noted that until this latest petition, the Fifth Amendment privilege against self-incrimination had not been asserted by petitioner. And it is safe to say that had it been asserted, before or during trial, on appeal, or on his two preceding § 2255 motions, it would have been found to have been ineffective.

Assuming, therefore, arguendo, that *Marchetti, Grosso,* and *Haynes* apply to the narcotic control laws here pertinent, the question arises whether they would apply retroactively to invalidate a conviction of eleven years' vintage. We find that the *Marchetti* triad should not be applied retroactively; therefore the question of applicability becomes academic, and beyond the scope of this court's proper adjudicatory functions.

The principles governing the determination of when a constitutional standard should be given retrospective effect have been lately reclarified. In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), it was held that the rule of Mapp v. Ohio,[1] that evidence obtained in an illegal search or seizure must be excluded in state trials, was not to be applied retroactively. Subsequently, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), held that the rules of *Escobedo*[2] and *Miranda*[3] requiring warnings of constitutional rights in significant stages of pretrial interrogation were likewise to be applied to only future convictions. See also, United States ex rel. Laughlin v. Russell, 282 F.Supp. 106 (E.D.Pa. 1968). A similar limit was appended to the United States v. Wade[4] and Gilbert v. State of California[5] rules requiring

1. 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

2. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1963).

3. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

4. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

5. 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178 (1967).

counsel in pre-trial identifications of defendants by witnesses. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

These cases have constructed a three-part test for the determination of when retroactive application is proper. In Johnson v. State of New Jersey, supra, 384 U.S. at 727, 86 S.Ct. at 1777, we are directed to,

> "look to the purpose of our new standards * * *, the reliance which may have been placed upon prior decisions on the subject, and the effect on the administration of justice of retroactive application * * *"

In Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), it was decided that the rule that adverse comment by the trial judge or prosecutor on defendant's failure to testify violated that defendant's Fifth Amendment rights,[6] should not be given retrospective application. In looking to the purpose of the new standard, the court said,

> "the Fifth Amendment's privilege against self-incrimination is not an adjunct to the ascertainment of truth. That privilege * * * stands as a protection of quite different constitutional values—values reflecting the concern of our society for the rights of each individual to be let alone." 382 U.S. at 416, 86 S.Ct. at 465.

It was reasoned that the denial of the privilege against self-incrimination did not go to the very integrity of the truth-finding process, nor increase the likelihood that the innocent will be convicted. We believe that this reasoning applies with equal force here. Petitioner asserts the same constitutional privilege as that discussed in *Tehan*, supra. We are concerned with the same societal values.[7]

We further believe that consideration of the two remaining criteria of retroactive application of new constitutional standards, viz: reliance on past decisions, and effect on criminal justice administration, militate against applying the *Marchetti* rationale to this case. The numerous convictions under 26 U.S.C.A. §§ 4742 and 4744 need no citation. Their quantity argues great reliance on the *Kahriger-Lewis* rule, supra, and warns of the substantial disruption which would result from a reopening of those many convictions.

A recent decision concerning the retroactive effect of *Marchetti* in convictions under 26 U.S.C.A. §§ 4401, 4411, and 4412, the very statutes involved in *Marchetti* and *Grosso*, held that the new Fifth Amendment standards were not to apply to prior convictions. Graham v. Blackwell, M.D.Tenn., May 3, 1968, 291 F. Supp. 761. We concur in the reasoning of that case.

Petitioner next contends that the statutory presumptions of 21 U.S.C.A. §§ 174 and 176a,[8] and 26 U.S.C.A. §§ 4704(a) [9] and 4744(a),[10] are so without

---

6. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), reh. denied 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965).

7. It should be emphasized that the statutes dealt with in *Marchetti*, etc., were not stricken down as unconstitutional. Rather it was decided only that where a prosecution thereunder is defended by an assertion of the privilege against self-incrimination, such a defense is complete. See, e. g., Marchetti, supra, 88 S.Ct. at 699 and 709.

8. 21 U.S.C.A. § 176a: * * *
   "Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marijuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury." * * *
   (The presumptive clause of 21 U.S.C.A. § 174 is substantially similar.)

9. 26 U.S.C.A. § 4704(a); "* * * the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found." * * *

10. 26 U.S.C.A. § 4744(a); * * *
    "Proof that any person shall have had in his possession any marijuana and shall

rational foundation as to be a denial of due process, and when read to a jury, deprive a defendant of the impartiality required by the Sixth Amendment.

Initially it should be noted that the instructions in this case contained a clear admonition to the jury of the importance of the inviolable presumption of innocence. Trial Transcript pp. 531 et seq. Thereafter, as the court read to the jury each of the presumptive sections here challenged, it halted, and explained that the essential facts underlying the presumptions must be proved, and that even if proved, the resulting presumption was not conclusive, and was rebuttable. Trial Transcript pp. 543 et seq.; pp. 547 et seq.; pp. 549 et seq.

The statutory sections before us provide that proof of possession of marijuana raises the rebuttable presumption that defendant is guilty of knowing aid in the transportation, concealment, or sale of illegally imported marijuana (21 U.S. C.A. § 176a); that possession of marijuana without the appropriate taxpaid stamps is prima facie evidence that the possessor dispensed of the drugs from other than the original package (26 U.S. C.A. § 4704(a)); and that possession of marijuana without the approved order form raises the presumption that the possessor is guilty of transporting or concealing marijuana without payment of the tax required by 26 U.S.C.A. § 4741 (a) (26 U.S.C.A. § 4744(a)). The constitutional validity of these statutory presumptions has been consistently upheld. Zaragoza v. United States, 389 F. 2d 468 (9th Cir. 1968); Browning v. United States, 366 F.2d 420 (9th Cir. 1966); Borne v. United States, 332 F.2d 565 (5th Cir. 1964); Williams v. United States, 290 F.2d 451 (9th Cir. 1961); Manning v. United States, 274 F.2d 926 (5th Cir. 1960); Caudillo v. United States, 253 F.2d 513 (9th Cir. 1958) cert. denied Romero v. United States, 357 U.S. 931, 78 S.Ct. 1375, 2 L.Ed.2d 1373.

In Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), it was stated that,

"a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience." 319 U.S. at 467–468, 63 S.Ct. at 1245.

See also, United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925). At the same time, a cautious regard for the presumed validity of acts of Congress entails recognition of the warning that:

"the process of making the determination of rationality is, by its nature, highly empirical, and in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the capacity of Congress to amass the stuff of actual experience and cull conclusions from it." United States v. Gainey, 380 U.S. 63, 67, 85 S.Ct. 754, 757, 13 L.Ed. 2d 658 (1965).

We hold that proof of possession of marijuana with the variations expressed in the relevant statutes is rationally connected to a presumption of guilt of the respective offenses. In so doing, we commend ourselves to the solid line of precedent cited previously and to the admonition of *Gainey* quoted above. Petitioner's naked assertion, without legal or factual support, is hardly a handhold amidst the presumed reasonableness of Congressional deliberations and the myriad of precedent.

We note that in Leary v. United States, supra, presently before the Supreme Court on certiorari, one of the questions to be considered is the constitutionality of the statutory presumption of § 176a.

---

have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall

be presumptive evidence of guilt under this subsection and of liability for the tax imposed by section 4741(a)." * * *

See 37 LW 3009. At this moment, however, we are constrained to apply the law as it stands. If the Supreme Court should determine that § 176a is constitutionally deficient, it is within petitioner's power to present the question of the applicability of such a decision to his case.

■ The next contention of the petition is that the first eight counts and the tenth count of the indictment fail to charge a criminal offense against the United States.

The law is clear that:

"absent exceptional circumstances, the sufficiency of the indictment is not subject to collateral attack * * *." Moore v. United States, 337 F.2d 350, 352 (8th Cir. 1964), cert. denied 379 U.S. 994, 85 S.Ct. 712, 13 L.Ed.2d 614 (1965).

See also, Cummins v. United States, 368 F.2d 819 (9th Cir. 1966); Link v. United States, 352 F.2d 207 (8th Cir. 1965), cert. denied 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966); United States v. Davis, 272 F.2d 149 (7th Cir. 1959). Petitioner has simply made an assertion. He has neither presented nor argued facts. The presence of clear merit required in Kloian v. United States, 349 F.2d 291 (5th Cir. 1965) cert. denied 384 U.S. 913, 86 S.Ct. 1349, 16 L.Ed.2d 365 (1966), does not appear even in the haze of hope that surrounds the petition. A rereading of the indictment reveals that it is regular in form and content and that it lucidly states twelve offenses against the United States. See, e. g., Trial Transcript pp. 534 et seq.

■ Petitioner then alleges that he was deprived of effective assistance of counsel throughout the criminal proceedings against him. He presents excerpts from the transcript in an attempt to show that the attorney who replaced his original counsel was incompetent and not of his choosing. We are no more convinced of the merit of this contention now than we were when we first considered it in petitioner's two prior motions. Furthermore,

" * * * The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner," * * * Title 28 U.S.C.A. § 2255.

See, Story v. United States, 185 F.2d 952 (8th Cir. 1950); Lupino v. United States, 185 F.Supp. 363 (D.Minn.1960) cert. denied 365 U.S. 824, 81 S.Ct. 711, 5 L.Ed.2d 702 (1961).

■ Petitioner winds down to the argument that he was not warned of his rights to counsel and silence at a stage of the interrogation which was accusatorial. There is no claim of coercion. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), clearly ruled that these warnings, established by Escobedo [11] and Miranda,[12] are not retroactive requirements.

We conclude, therefore, that none of petitioner's substantive claims has merit.

■■ The present petition also contains a request for a hearing. The granting of such is within the limited discretion of the trial court. Where the records and files alone are sufficient to determine that the petition is without merit, no hearing is required. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States v. Farrar, 346 F.2d 375 (7th Cir. 1965); United States v. Hill, 319 F.2d 653 (6th Cir. 1963); McCartney v. United States, 311 F.2d 475 (7th Cir. 1963); Cain v. United States, 271 F.2d 337 (8th Cir. 1959); Vinson v. United States, 235 F.2d 120 (6th Cir. 1956); Gendron v. United States, 227 F.Supp. 182 (E.D. Mo.1964) aff'd 340 F.2d 601 (8th Cir. 1965). It is my view that the law as applied to the undisputed facts appearing in the file and records of this case conclusively shows that petitioner's claims are without merit.

Therefore, the request for a hearing and for relief is

Denied.

---

11. See supra note 2.

12. See supra note 3.