Vernon C. O'NEILL, 6810–147SS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 4–70–Civ–305.

United States District Court, D. Minnesota, Third Division.

Sept. 8, 1970.

---

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Petitioner, an inmate of the Federal Correctional Institution at Sandstone, Minnesota, seeks relief, pursuant to 28 U.S.C. § 2255, from the sentence imposed upon him by this Court in 1966.

On April 6, 1966, following waiver of his right to a grand jury indictment, Petitioner was arraigned on an information and entered a plea of guilty to a charge of theft from a bank of an amount of money exceeding $100 in violation of 18 U.S.C. § 2113(b). On the basis of his plea of guilty, Petitioner was adjudged to be guilty and convicted. Petitioner was sentenced to the custody of the Attorney General of the United States for imprisonment for a period of 10 years with the proviso that he should be eligible for parole at such time as the Board of Parole might determine.

Petitioner now contends that his plea of guilty to the federal charge was involuntary and a product of coercion, asserting that as a result of collaboration between representatives of the Federal Bureau of Investigation and the United States Attorney's Office his counsel was advised that if Petitioner did not plead guilty to a charge of theft from a bank "they would assist the State of Minnesota in prosecution of another charge whereby he would receive a longer sentence." Petitioner also contends that he

has suffered cruel and unusual punishment in contravention of his Eighth Amendment rights "by the arbitrary and capricious acts of the United States Board of Parole" in postponing action on his parole.

■ Although a plea of guilty is void if induced by promises or threats, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), a reading of the files and records in this case evidences that Petitioner voluntarily entered a plea of guilty admitting the charge contained in the information after having consulted with his counsel. The files and records indicate that Petitioner understood the nature of the charge against him and the consequences of the plea. Petitioner was questioned in accord with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, as detailed by the United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Petitioner expressly stated that no one made any threats or promises to him, that his plea was voluntary, and that on or about the 9th day of November, 1965, he did take and carry away with the intent to steal from the Farmers State Bank, Cedar, Minnesota, an amount of money aggregating to approximately $2,600. The Trial Court was satisfied that there was a factual basis for the plea.

■ But even if Petitioner's counsel was advised that Petitioner should plead guilty to the federal crime or face a more serious state charge, Petitioner's plea of guilty does not lose its character as a voluntary act. A threat to prosecute under state law where the facts warrant prosecution is not coercion or intimidation. To establish fear and coercion on a plea an individual must show he was subjected to threats or promises of illegitimate action. Ford v. United States, 418 F.2d 855 (8th Cir. 1969); Kent v. United States, 272 F.2d 795 (1st Cir. 1959). No such showing is made by this Petitioner. See, e. g., Amer v. United States, 367 F.2d 803 (8th Cir. 1966); Friedman v. United States, 200 F.2d 690 (8th Cir. 1952), cert. denied, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357 (1953); Stidham v. United States, 170 F.2d 294 (8th Cir. 1948). Under these circumstances the guilty plea meets the constitutional and legal standards and the plea itself is a conviction. "Like a verdict of a jury it is conclusive." Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1926).

■ When sentencing Petitioner the Trial Court provided that the Board of Parole was to have discretion to determine Petitioner's eligibility for parole. 18 U.S.C. § 4208(a) (2). Thus, the Board of Parole's disinclination to parole Petitioner is not reviewable in a § 2255 proceeding. Moreover, since parole is a matter of legislative grace rather than a matter of right, the Board of Parole's determination not to extend this privilege to Petitioner is not subject to attack as constituting cruel and unusual punishment as such is proscribed by the Eighth Amendment. See William v. Patterson, 389 F.2d 374 (10th Cir. 1968); Walker v. Taylor, 338 F.2d 945 (10th Cir. 1964); Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F.2d 996 (1964).

■ The present petition also contains a request for an evidentiary hearing. The granting of such is within the limited discretion of the trial court. Where the records and files alone are sufficient to determine that the petition is without merit no hearing is necessary, the law not requiring an exercise in futility. 28 U.S.C. § 2255. See, e. g., Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Machibroda v. United States, supra; Austin v. United States, 408 F.2d 808 (9th Cir. 1969); Williams v. United States, 291 F.Supp. 376 (D.Minn.1968). The law as applied to the facts appearing in the files and records of this case conclusively shows that Petitioner's claims are without merit.

The request for a hearing and for relief is denied.