Vernon C. O'NEILL, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 20623.

United States Court of Appeals,
Eighth Circuit.

April 1, 1971.

Vernon C. O'Neill, pro se.

Robert G. Renner, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

PER CURIAM.

Vernon C. O'Neill, petitioner-appellant, currently confined in the Federal Correctional Institution at Sandstone, Minnesota, commenced this proceeding for relief under the provisions of 28 U.S.C.A. § 2255. In a carefully considered opinion published as O'Neill v. United States, D.C.Minn., 1970, 315 F.Supp. 1352, Chief Judge Devitt found that the records and files in this case were sufficient from which to determine that the petition for relief was without merit and accordingly an evidentiary hearing was not necessary. We agree. This case is in all things affirmed on the basis of Judge Devitt's opinion as published.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Grady Leroy KING, Defendant-Appellant.

No. 26162.

United States Court of Appeals,
Ninth Circuit.

March 22, 1971.

Carl E. Stewart, Hollywood, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., John W. Hornbeck, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed in this national bank robbery case.

The challenge to the jury falls here under Carbo v. United States, 9 Cir., 314 F.2d 718. No offer of proof of systematic exclusion of persons of King's race was made.

On the morning of trial, the defendant suggested he wanted to get a better attorney appointed. No disagreement between counsel and defendant was reported. The attorney appears before this court occasionally. We take judicial notice that he is an able man. The record indicates he did the best he could with an aggravated set of facts.

The attack on the sufficiency of the evidence is not well taken. The government presented an excellent case.