UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark Congress SPEARS, Jr., Defendant-
Appellant.

No. 71-1259

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 15, 1971.

Oscar J. Pena, Laredo, Tex. (Ct. Apptd.), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Anthony C. Aguilar, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant Spears, a follower of the Black Muslim faith, was arrested on his arrival at the Laredo International Bridge from the Republic of Mexico where he had in his possession small quantities of marihuana, heroin and peyote. Having waived a jury trial, he was convicted on five of seven counts for the smuggling, concealing and transporting of heroin, for the smuggling and transporting of marihuana, and for the smuggling of the peyote. Appellant received a total sentence of 10 years.

Appellant's sole ground of error is that the statutes under which he was convicted [1] are unconstitutional in that they contravene his First Amendment guarantee of freedom of religion and Fourteenth Amendment guarantee of equal protection. Appellant contends that in his religious studies in Egypt these drugs were prescribed for meditation and religious ceremonies, and that the writings of the Holy Koran and the Bible authorize their use.

The position urged by appellant has been disposed of by this court's decision in Leary v. United States, 383 F.2d 851 (5th Cir. 1967); rehearing denied, 392 F.2d 220 (1968); rev'd on other

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409.

1. 21 U.S.C. §§ 174, 176a; 18 U.S.C. § 545.

grounds, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and in United States v. Hudson, 431 F.2d 468, 469 (5th Cir., 1970), wherein we stated:

"Finally, it is argued that the district court should have permitted the jury to pass on appellants' assertions that they are sincere followers of the Moslem or Islamic religion, which sanctions the use of heroin and marihuana. Appellants claim that failure to admit this evidence violates their first amendment right to freedom of religion. We disposed of this question in Leary v. United States, * * * where we cited numerous authorities in support of the proposition that the use of drugs as part of religious practice is not constitutionally privileged."

The judgment of the district court is affirmed.